Mark D. Zukowski, Bar #006734
John M. Gregory, Bar #030633
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4554
Fax: (602) 200-7863
mzukowski@jshfirm.com
jgregory@jshfirm.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Chandler Fernandez,<br><br>                 Plaintiff,<br><br>v.<br><br>Cathan Cornelius, an individual; and The Church of Jesus Christ of Latter-Day Saints, a Utah corporation, et al.,<br><br>                 Defendants. | No. CV-23-146-PHX-MTL<br><br>**Answer of All Defendants** |

Defendants Cathan Cornelius and The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole ("CHC"), respond and affirmatively allege as follows:

      1.     Defendants admit Paragraphs 1 and 2 of the Complaint.

      2.     Defendants are without information sufficient to form a belief as to the truth of the allegations made in Paragraph 3 of the Complaint and therefore deny same.

      3.     In response to Paragraph 4, Defendants admit that Defendant Cathan Cornelius is a citizen of the United States, but deny that he is a resident of the State of Arizona.

      4.     In response to Paragraph 5, Defendant CHC admits that it is a Utah corporation sole. Defendants are unclear as to what is meant by the allegation that it is "located and operating" in Maricopa County, Arizona and requests a more definitive

statement of same. To the extent that the allegation is intended to mean that CHC has its headquarters or primary operations in Arizona, CHC denies same.

5. Defendants deny Paragraph 6 of the Complaint.

6. In response to Paragraph 7 of the Complaint, Defendants deny that Defendant Cornelius was employed by CHC, and assert that the allegation that Defendant Cornelius is being sued in his individual capacity is a not an allegation requiring a response. To the extent it is later determined to be such an allegation, Defendants are without information sufficient to form a belief as to the truth of the allegation. Defendants deny all other allegations in Paragraph 7.

## GENERAL ALLEGATIONS

7. In response to Paragraph 8 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 7 of the Complaint as if fully stated herein.

8. Defendants admit Paragraph 9 of the Complaint.

9. In response to Paragraph 10 of the Complaint, Defendants admit only that Plaintiff was riding his bicycle on the sidewalk of Souther Avenue. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 10 of the Complaint and therefore deny same.

10. In response to Paragraph 11 of the Complaint, Defendants admit only that Defendant Cornelius collided with Plaintiff. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 11 of the Complaint and therefore deny same.

11. Defendants deny Paragraph 12 of the Complaint.

## COUNT ONE - NEGLIGENCE

12. In response to Paragraph 13 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 12 of the Complaint as if fully stated herein.

13. Defendants are without information sufficient to form a belief as to the truth of the allegations made in Paragraph 14 of the Complaint and therefore deny same.

14. Defendants deny Paragraphs 15 through 18 of the Complaint.

11351828.1

## COUNT TWO – NEGLIGENCE PER SE

15. In response to Paragraph 19 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 18 of the Complaint as if fully stated herein.

16. Defendants are without information sufficient to form a belief as to the truth of the allegations made in Paragraph 20 of the Complaint and therefore deny same.

17. Defendants deny Paragraphs 21 and 22 of the Complaint.

## COUNT THREE – RESPONDEAT SUPERIOR

18. In response to Paragraph 23 of the Complaint, Defendants incorporate their responses to Paragraphs 1 through 22 of the Complaint as if fully stated herein.

19. In response to Paragraph 24 of the Complaint, Defendant CHC admits that the doctrine of respondeat superior generally provides that it may be liable for the actions of its employees undertaken within the course and scope of their employment, but deny Paragraph 24 inasmuch as that doctrine does not have any impact on the facts as alleged by Plaintiff. Defendants deny that Defendant Cornelius was an employee for purposes of the doctrine.

## AFFIRMATIVE DEFENSES

20. As an affirmative defense and in the alternative, Defendants allege that Plaintiff's complaint fails to plead adequate facts to state a cause of action.

21. As and for a separate defense and in the alternative, Defendants allege that Plaintiff's Complaint fails to state a claim against Defendants.

22. As and for a separate defense and in the alternative, Defendants allege, upon information belief, that Plaintiff has failed to mitigate his damages or avoid consequences leading to Plaintiff's alleged injuries and damages which bars or reduces recovery to Plaintiff from Defendants.

23. As and for a separate defense and in the alternative, Defendants allege that Plaintiff was contributorily negligent and/or any injuries received by Plaintiff was the result of an intervening/superseding cause or occurred as a result of the negligence of

11351828.1

someone other than Defendants, all of which bars recovery to Plaintiff herein from Defendants.

24. As and for a separate defense and in the alternative, Defendants allege that Plaintiff was contributorily negligent per se when he violated public safety codes, including but not limited to Tempe City Code §§ 19-212 and 19-151(c)-(d).

25. As and for a separate defense and in the alternative, Defendants allege that Plaintiff was negligent, in whole or in part, thereby reducing or eliminating any damages owing by Defendants by way of comparative negligence.

26. As and for a separate defense and in the alternative, Defendants allege that Plaintiff's alleged injuries may be the result of pre-existing injuries or medical conditions unrelated to those alleged to have occurred in the subject accident which may bar or reduce recovery to Plaintiff herein from Defendants.

27. Although Defendants do not presently have specific facts in support of the remaining defenses, they wish to put counsel for Plaintiff upon notice that Answering Defendants hereby raise the following defenses which, through subsequent discovery may, indeed, be supported by the facts: accord and satisfaction, arbitration and award, discharge in bankruptcy, estoppel, fraud, illegality, payment, release, and waiver.

WHEREFORE, having fully answered Plaintiff's Complaint, Answering Defendants request that same be dismissed, and that Answering Defendants be awarded their costs incurred herein. Answering Defendants request a jury trial as to all triable issues.

DATED this 30th day of January, 2023.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ John M. Gregory
Mark D. Zukowski
John M. Gregory
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants

4

11351828.1

Certificate of Service

I hereby certify that on this 30th day of January, 2023, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/  Wendy Mungai

11351828.1